UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

| | |
|---|---|
| WILLIAM KRUEGER, | **COMPLAINT** |
| Plaintiff, | Jury Trial Demanded |
| -against- | ECF Case |
| SEA GATE ASSOCIATION; SEA GATE POLICE DEPARTMENT, Police Officers JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown), | |
| Defendants. | |

------------------------------------------------------------------- x

PLAINTIFF, WILLIAM KRUEGER, by attorney Katherine E. Smith, complaining of the defendants, respectfully alleges as follows:

## NATURE OF THE ACTION

1. PLAINTIFF brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of PLAINTIFF'S civil rights, by defendants THE SEA GATE ASSOCIATION ("SGA"), SEA GATE POLICE DEPARTMENT ("SGPD") and P.O.s "JOHN and JANE DOE" #1-10, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

1

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), as the incidents alleged herein occurred in this district.

## JURY DEMAND

5. PLAINTIFF demands a trial by jury in this action.

## PARTIES

6. PLAINTIFF, WILLIAM KRUEGER, is a resident of Kings County in the City and State of New York.

7. Defendant SGA was and is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

8. Defendant SGPD is a duly authorized public authority and/ or police department, is authorized to perform all functions of a police department as per the laws of the State of New York.

9. At all times relevant Defendants John & Jane Doe 1 through 10 ("Doe Defendants") were police officers, detectives or supervisors employed by SGA / SGPD. Plaintiff does not know the real names and shield / tax numbers of defendants John & Jane Doe 1 through 10.

10. At all times hereinafter mentione the DOE Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State, SGA, SGPD, and under the authority of their office as law enforcement officers.

11. Each and all of the acts of the DOE Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendants SGA and SGPD.

12. Each and all of the acts of the DOE Defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendants SGA / SGPD.

## STATEMENT OF FACTS

13. On or about December 8, 2013, PLAINTIFF was lawfully within the vicinity of 4017 Sea Gate Avenue, Kings County, New York, where he resided within the gated community of Sea Gate.

14. Sea Gate is policed by the SGPD.

15. On the above date and time, several members of SGPD unlawfully stopped and approached Plainitff. They proceeded to harrass, curse, and taunt him.

16. Despite the fact that they lacked probable cause, defendants placed PLAINTIFF under arrest.

17. PLAINTIFF asked why he was being arrested and objected to the unlawful arrest.

18. In retaliation, defendants beat severely beat and injured PLAINITFF.

19. PLAINITFF was transported to the SGPD precinct and then to Coney Island Hopital where he was treated for his injuries.

20. Meanwhile, defendant police officers falsely informed employees of the Kings County District Attorney's Office ("DA's Office") that they had observed PLAINTIFF comitt several crimes/offenses including assaulting police officers.

21. However, defendants never observed PLAINTIFF violate any laws / ordinances.

22. The allegations made by Defendants to the DA's Office were false, and the defendants knew them to be false at the time the defendants made the allegations.

23. The defendants then forwarded these false allegations to the DA's Office in order to justify the unlawful arrest of PLAINTIFF and to persuade the DA's Office to commence and/ or continue the criminal prosecution of PLAINTIFF.

24. The defendants knew and understood that the DA's Office was relying on the truthfulness of defendants' claims and statements in order to evaluate whether to commence a criminal prosecution against the PLAINTIFF. Defendants were aware that the DA's Office assumed that all of the factual statements, claims and allegations that defendants relayed to the DA's Office were truthful in all material respects.

25. From Coney Island Hopsital, PLAINITFF was transported to Brooklyn Central Booking. There PLAINTIFF learned that he was being charged with several crimes including assaulting a police officer.

26. At arraignment, PLAINIFFF was remanded to Rikers Island where he remained for seven (7) days. He was released directly from Rikers Island after the Grand Jury failed to indict PLAINTIFF.

27. PLAINTIFF'S criminal case was dismissed in its entirety.

28. PLAINITFF contiuned to recieve medical treatment for the injuries he sustianed as a result of the officers' use of excessive force.

29. PLAINTIFF suffered damage as a result of defendants' actions. PLAINTIFF was deprived of liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and reputational damage.

## CLAIM ONE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

30. PLAINTIFF repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

32. The aforementioned customs, policies, usages, practices, procedures and rules of defendants SGA and SGPD include, but are not limited to, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officers' arrest statistics;

   ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

   iii. fabricating evidence in connection with their prosecution in order to cover up police misconduct.

33. The foregoing customs, policies, usages, practices, procedures and rules of defendants SGA and SGPD constituted deliberate indifference to the safety, well-being and constitutional rights of the PLAINTIFF.

34. The foregoing customs, policies, usages, practices, procedures and rules of the SGA and SGPD were the direct and proximate cause of the constitutional violations suffered by the PLAINTIFF as alleged herein.

35. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the PLAINTIFF'S constitutional rights.

36. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the PLAINTIFF'S constitutional rights.

37. The acts complained of deprived the PLAINTIFF of the following constitutionally protected rights:

  a. Not to be deprived of liberty without due process of law;

  b. To be free from seizure and arrest not based upon probable cause;

  c. Not to have summary punishment imposed; and

  d. To receive equal protection under the law.

38. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM TWO
### Unlawful Stop and Search

39. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

40. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully stopped and searched PLAINTIFF.

41. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM THREE
### False Arrest

42. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

43. The Defendants violated the Fourth and Fourteenth Amendments because they arrested PLAINTIFF without probable cause, privilege or consent.

44. As a direct and proximate result of this unlawful conduct, PLAINTIFF'S liberty was restricted for an extended period of time, was put in fear of physical safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, in addition to the damages hereinbefore alleged.

## CLAIM FOUR
### Malicious Prosecution

45. PLAINTIFF repeats and realleges each and every allegation as if fully set forth herein.

46. By their conduct, as described herein, and acting under color of state law, defendants are liable to PLAINTIFF under 42 U.S.C. § 1983 for the violation of PLAINTIFF's constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

47. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive the constitutional rights of PLAINTIFF. The prosecution by defendants of PLAINTIFF constituted malicious prosecution in that there was no basis for the PLAINTIFF's arrest, yet defendants continued with the prosecution, which was resolved in PLAINTIFF's favor.

48. As a direct and proximate result of defendants' unlawful actions, PLAINTIFF has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## CLAIM FIVE
### Unreasonable Force

49. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

50. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on PLAINTIFF.

51. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM SIX
### Malicious Abuse of Process

52. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

53. The individual defendants issued legal process to place PLAINTIFF under arrest.

54. SGPD officers arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process.

55. SGPD acted with intent to do harm to PLAINTIFF without excuse or justification.

56. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish,

shock, fright, apprehension, embarrassment, humiliation, deprivation of constitutional rights, in addition to the damages hereinbefore alleged.

## CLAIM SEVEN
## Denial Of Constitutional Right To Fair Trial

57. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

58. The individual defendants created false evidence against PLAINTIFF.

59. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

60. In creating false evidence against PLAINTIFF, and in forwarding false information to prosecutors, the individual defendants violated PLAINTIFF's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

61. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM EIGHT
## Failure To Intervene

62. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

63. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

64. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

9

65. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM NINE
### Deliberate Indifference to Safety/Medical Needs

66. PLAINTIFF repeats and realleges each and every allegation as if fully set forth herein.

67. The individual defendants were aware of a risk to PLAINTIFF's safety and a need for medical care and failed to act in deliberate indifference to PLAINTIFF's needs.

68. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to PLAINTIFF's medical needs and safety.

69. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: New York, New York
April 13, 2016

_____
Katherine E. Smith
THE LAW OFFICE OF KATHERINE E. SMITH
233 Broadway, Ste. 1800
New York, New York 10279
Tel/ Fax: 347-470-3707
ksmith@legalsmithny.com
*Attorney for Plaintiff*